# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:05-CR-117

United States of America

v.

Michael Buchanan
          Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed April 20, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on March 22, 2006, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Possession of a Firearm by a Felon, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. Defendant was subsequently sentenced to 36 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; substance abuse treatment; and a $100 special assessment.

## II. The Period of Supervision

On June 19, 2009, defendant completed his period of imprisonment and began service of the supervision term. On September 15, 2009, his conditions were modified to include mental health treatment.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on April 20, 2010. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Mandatory Condition: | Defendant shall not illegally possess a controlled substance. |
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. |

| | |
|---|---|
| Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that defendant submitted a urine specimen on March 3, 2010, which tested positive for PCP. Additionally, defendant allegedly admitted to using PCP. Defendant has allegedly failed to secure employment while on supervision. Defendant has also allegedly failed to report an accurate address for his residence. It is also alleged that defendant uses his father's home to receive his mail, and does not live at 639 Savannah Avenue, Port Arthur, Texas 77640, but instead stays at various friends' homes. Finally, it is alleged that defendant failed to attend his assessment with Simon Counseling on February 10, 2010, and failed to report and submit random urine specimens, as directed, on February 12, 17, 20, and 23, 2010, and March 20 and 22, 2010.

## IV. Proceedings

On May 10, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would

agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for PCP. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 5 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for PCP.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for PCP, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates

upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for PCP. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by submitting a urine specimen testing positive for PCP.

**Conclusion and Justification:**

Defendant's violation is a Grade C violation with policy guidelines suggesting 5 to 11 months imprisonment upon revocation. Defendant has demonstrated an inability and unwillingness to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by submitting a urine specimen, which tested positive for PCP. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by submitting a urine specimen, which tested positive for PCP, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 5 months. It is recommended that defendant be incarcerated at the Beaumont, Texas facility of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

4.  Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __12__ day of May, 2010.

_____
Earl S. Hines
United States Magistrate Judge